**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

<u>**CIVIL MINUTES -- GENERAL**</u>

| | | |
|---|---|---|
| Case No. | **CV 23-3857-JFW(PVCx)** | Date:  September 22, 2023 |
| Title: | Raymond Valdez, Jr. -v- United Airlines, Inc., et al. | |

**PRESENT:**

      **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**   ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM ORDER/JUDGMENT [filed 8/21/23; Docket No. 40]

On August 21, 2023, Plaintiff Raymond Valdez, Jr. ("Plaintiff") filed a Motion for Relief from Order/Judgment ("Motion"). On September 1, 2023, Defendant United Airlines, Inc. ("Defendant") filed its Opposition. Plaintiff did not file a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument. The matter was, therefore, removed from the Court's September 25, 2023 hearing calendar and the parties were given advance notice. After considering the moving and opposing papers, and the arguments therein, the Court rules as follows:

**I.    Factual and Procedural Background**

On October 21, 2022, Plaintiff filed a Complaint against Defendant in Los Angeles Superior Court ("LASC"), alleging causes of action for: (1) negligence; (2) premises liability; (3) wrongful death; and (4) survival claim. In his Complaint, Plaintiff alleges that his mother Beatrice Esther Valdez (the "Decedent") was injured on October 14, 2020 when she fell from a wheelchair while being assisted by Defendant's agents prior to boarding a flight at George Bush Airport in Houston, Texas. Plaintiff alleges that the Decedent "died while an impatient at the [h]ospital from her injuries suffered as a result of the fall at" George Bush Airport on October 14, 2020. Complaint, ¶ 13. On May 19, 2023, Defendant removed this action to this Court, alleging that this Court had diversity jurisdiction pursuant to 28 U.S.C. § 1332.

On May 26, 2023, Defendant filed a Motion to Dismiss Plaintiff's Complaint ("Motion to Dismiss"). Plaintiff failed to file a timely opposition. On June 14, 2023, Plaintiff finally filed an Opposition, which was nine days late and after Defendant's deadline to file a reply. On June 23, 2023, the Court entered an Order granting Defendant's Motion to Dismiss Plaintiff's Complaint ("June 23, 2023 Order").

On June 29, 2023, Plaintiff filed a Notice of Appeal. On July 7, 2023, after Defendant notified Plaintiff that it would seek sanctions including attorneys' fees and costs for filing a frivolous appeal, Plaintiff proposed and Defendant agreed to a stipulation to dismiss the appeal with prejudice. On July 11, 2023, the Ninth Circuit dismissed the appeal pursuant to the stipulation of the parties.

## II.     Legal Standard

Under Federal Rule of Civil Procedure 60(b), the court may relieve a party from a final judgment or order for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

Whether Plaintiff's neglect is excusable under Rule 60(b)(1) depends upon an analysis of four factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. United States Postal Service*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) citing *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993).[1]

A party merits relief under Rule 60(b)(6) if that party can demonstrate "extraordinary circumstances which prevented or rendered him unable to prosecute [his case]." *Martella v. Marine Cooks & Stewards Union*, 448 F.2d 729, 730 ((9th Cir. 1971); *see, also, Pioneer Investment Servs. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 393 (1993). A mere reiteration of the arguments already presented to the Court does not satisfy the "extraordinary circumstances" requirements of Rule 60(b)(6). *Maraziti v. Thorpe*, 52 F.3d 252, 255 (9th Cir. 1995). The party must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion. *United States v. Alpine Land & Reservoir Co*, 984 F.2d 1047, 1049 (9th Cir. 1993).

## III.    Discussion

### A.     Plaintiff is Not Entitled to Relief Under Rule 60(b)(1)

In his Motion, Plaintiff argues that his counsel made a mistake of fact when he assumed that the two-year statute of limitations began to run on the date of Decedent's death (October 20, 2020), rather than the date that Plaintiff received a copy of Decedent's death certificate (December 20, 2020) and learned that Defendant was purportedly responsible for her death. Plaintiff also

---

[1] Although the Supreme Court's holding in *Pioneer* discussed the interpretation of the "excusable neglect" language found in Bankruptcy Rule 9006(b), the Ninth Circuit has held that "[t]he equitable test set out in *Pioneer* applies to Rule 60(b) as well." *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997).

argues that his counsel made a mistake of law when his counsel failed to consider or argue the effect of the "discovery rule" on the two-year statute of limitations. In addition, Plaintiff argues that LASC somehow mistakenly stamped the Complaint as electronically filed on October 21, 2022 when it was actually filed on October 20, 2020. In its Opposition, Defendant argues that Plaintiff's Motion is untimely and Plaintiff has failed to demonstrate that he is entitled to relief under Rule 60(b).

The Ninth Circuit has repeatedly affirmed that a mistake by a party's attorney is not a ground for relief under Rule 60(b)(1). See *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1100–1101 (9th Cir. 2006); *Casey v. Albertson's, Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004) ("As a general rule, parties are bound by the actions of their lawyers, and alleged attorney malpractice does not usually provide a basis to set aside a judgment pursuant to Rule 60(b)(1)"); *Engleson v. Burlington Northern Railroad Co.*, 972 F.2d 1038, 1043 (9th Cir. 1992) ("Neither ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)") (quotation marks and citation omitted). Indeed, "a party who simply misunderstands or fails to predict the legal consequences of his deliberate acts cannot later, once the lesson is learned, turn back the clock to undo those mistakes." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999); see *Reynoso v. City & Cnty. of San Francisco*, 2016 WL 4364144, at *2–*3 (N.D. Cal., Aug. 16, 2016) (denying motion under Rule 60(b)(1) and holding that mistakes by plaintiff's counsel were not sufficient grounds for relief); *Cabot Golf CL-PP 1, LLC v. Cabot Golf CL-PP Acq., LLC*, 2013 WL 12404198, at *3 (C.D. Cal. Dec. 17, 2013) (denying relief where party's attorney misunderstood the effect of voluntary dismissal).

In this case, although Plaintiff's counsel claims that he made mistakes of fact and law in opposing Defendant's Motion to Dismiss by failing to make arguments regarding the discovery rule and when the statute of limitations began to run, he fails to explain why these arguments could not have been timely raised in his Opposition. The Court concludes that Plaintiff's claimed mistakes are disingenuous and are nothing more than a failed attempt to manufacture an excuse to make additional arguments that were obvious and plainly available to Plaintiff at the time he filed his Opposition. As a result, the Court concludes that Plaintiff is improperly attempting to use Rule 60(b)(1) to re-argue the Motion to Dismiss and make arguments that his counsel failed to make in his Opposition. *Rashidian v. Internal Revenue Service*, 2015 WL 13343584 (C.D. Cal. Feb. 26, 2015) (denying the plaintiffs relief pursuant to Rule 60(b)(1) because "Plaintiffs did not miss a deadline or lose the opportunity to be heard; rather, they timely opposed summary judgment, and now allege only that they did so inadequately due to counsel's ailment. Plaintiffs cite no case in which a party that filed an inadequate opposition to summary judgment has been granted a 'second bite of the apple' under Rule 60(b)(1) to submit additional argument or evidence that was available at the time of the original filing"). In addition, the Court agrees with Defendant that Plaintiff has failed to demonstrate that Plaintiff's new argument that the statute of limitations began to run on December 20, 2020, rather than October 20, 2022, is meritorious. In his Complaint, Plaintiff alleges that Decedent died on October 20, 2022, as a result of Defendant's conduct on October 14, 2020, when Decedent fell from a wheelchair while being assisted by Defendant prior to boarding a flight at George Bush Airport in Houston, Texas. Complaint, 6:9-26 and 7:13. Because Decedent fell while purportedly in Defendant's care and was "taken immediately" to a hospital due to her injuries where she died just six days later, allegedly "as a result of the fall at the Terminal," Plaintiff clearly had the requisite knowledge to put a reasonable person on notice that his claims against Defendant had accrued as of October 20, 2020. See, e.g., *Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 398 (1999) (holding that a plaintiff discovers a cause of action when "he at least suspects .

. . that someone has done something wrong to him . . . , [with] 'wrong' being used, not in any technical sense, but rather in accordance with its lay understanding") (internal quotations omitted); *Morreno v. Sterling Drug*, 787 S.W. 2d 348 (Tex. 1990) (holding that the delayed discovery rule does not apply to wrongful death claims and that the "statute unambiguously specifies one event – death – and only that one event as the date upon which the action accrues" for purposes of calculating the two years statute of limitations period).

In addition, Plaintiff now claims that the Complaint was timely filed on October 20, 2022, and not October 21, 2022 (the electronically file-stamped date on the Complaint), but fails to offer any explanation as to why that argument, which likely would have been dispositive, could not have been timely raised in his Opposition. Moreover, Plaintiff's erroneous filing claim lacks credibility in light of Plaintiff's admission in his Opposition that "Plaintiffs filed their complaint in Los Angeles Superior Court on October 21, 2022." Opposition (Docket No. 25), 5:21-22. More importantly, Plaintiff fails to offer any admissible evidence in support of this claim. Plaintiff attaches as Exhibit 2 to the Declaration of Antonio Castillo ("Castillo Declaration") an unauthenticated and incomplete copy of an email from Plaintiff's attorney service purportedly confirming that the Complaint was "submitted for filing on October 20, 2022." The Court notes that "To," "From," and the date fields are missing from the first page of Exhibit 2 and the "a[tta]ched email thread" referred to on page 2 is missing. Moreover, the email merely states that "[i]t **appears** this order [to file the Complaint with LASC] was placed through our portal . . . on 10/20/22 on a routine priority level, and was **submitted** via e-filing that same day." Castillo Declaration, Exh. 2, p. 2 (emphasis added). However, the email does not state, and Plaintiff has failed to submit any admissible evidence demonstrating, that the Complaint was actually sent to and received for filing by the LASC on October 20, 2022, rather than October 21, 2022. Therefore, the Court concludes that Plaintiff has failed to demonstrate that the Complaint was filed in LASC on October 20, 2022, rather than October 21, 2022. The Court also concludes that even if Plaintiff could demonstrate that the Complaint was electronically filed on October 20, 2022, he has failed to explain why his counsel did not raise that issue in his Opposition.

The Court concludes that the *Pioneer* factors weigh against granting Plaintiff relief pursuant to Rule 60(b)(1). *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Although the Court has considered all the *Pioneer* factors, the Court will limit its discussion to the danger of prejudice and undue delay factors, which the Court concludes weigh heavily against Plaintiff. Plaintiff has caused undue delay in the resolution of this action by filing the Complaint two years after the alleged incident, waiting an additional six months to serve Defendant, and filing and then dismissing the appeal of the Court's June 23, 2023 Order before filing this Motion. In light of the undue delay, if the Court's June 23, 2023 Order is set aside, Defendant's ability to properly defend this action will undoubtedly be prejudiced due to the likely "loss of witnesses, lapses of memories, and difficulties locating evidence" after the passage of nearly three years since the alleged incident. *Molina v. Potter*, 2011 WL 1261547 (S.D. Cal. Apr. 5, 2011) ("In this case, Defendant has already been prejudiced by the undue delay caused by Plaintiff's counsel's consistent inattention to the case. Prosecution of the matter has been delayed several times on Plaintiff's account . . . Defendant would suffer further prejudice if the Court were to grant Plaintiff relief from judgment. Even now, Defendant is likely to confront the loss of witnesses, lapses of memories, and difficulties locating evidence. The danger of further prejudice only grows with each passing day. Thus, this factor favors denying Plaintiff's motion"); *see also Habeeb v. Wash. Mut. Bank, FA*, 2011 WL 13268016, at *1 (C.D. Cal. Oct. 26, 2011) (finding a danger of prejudice to defendants to be "significant" where the plaintiff's claims had been

dismissed); *Rosengren v. SF Mkts., LLC*, 2023 WL 4842073 (C.D. Cal. July 6, 2023) (finding that a defendant is entitled to a timely determination of a dispositive motion and a further delay in the resolution of a matter presented a danger of prejudice to a defendant) (*citing Hsiung v. Walt Disney Co*, 2020 WL 7380458 (C.D. Cal. Oct. 21, 2020)).  Therefore, the Court concludes that the *Pioneer* factors weigh heavily against granting Plaintiff relief pursuant to Rule 60(b)(1).

Accordingly, the Court concludes that Plaintiff has failed to demonstrate that he is entitled to relief under Rule 60(b)(1).

### B.    Plaintiff is Not Entitled to Relief Under Rule 60(b)(6)

Rule 60(b)(6) is a "catch-all" provision allowing relief from a judgment or order for "any other reason that justifies relief."  *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1102 (9th Cir. 2006).   In the Ninth Circuit, relief under Rule 60(b)(6) is unavailable if the motion is premised on another ground specified in Rule 60.  *Bynoe v. Baca*, 966 F.3d 972, 979 (9th Cir. 2020).  As a result, the Court concludes that Plaintiff is not entitled to relief under Rule 60(b)(6) because Plaintiff brings this Motion pursuant to Rule 60(b)(1) – that is, on grounds other than Rule 60(b)(6).  *See, e.g., United States v. Close*, 2021 WL 2269973 (D. Idaho June 3, 2021) ("Rule 60(b)(6) is not a 'substitute' for Rule 60(b)(1)").

In addition, Rule 60(b)(6) is used to prevent "manifest injustice" where "extraordinary circumstances" are present.  *Id*.  A party who seeks relief under Rule 60(b)(6) must demonstrate "both injury and circumstances beyond his control that prevented him from proceeding with . . . the action in a proper fashion."  *Zurich Am. Ins. Co. v. Int'l Fibercom, Inc. (In re Int'l Fibercom, Inc.)*, 503 F.3d 933, 941 (9th Cir. 2007) (*citing Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002)).  An attorney's gross negligence qualifies as an extraordinary circumstance warranting relief pursuant to Rule 60(b)(6), but an attorney's ordinary negligen*c*e does not.  *Tani,* 282 F.3d at 1168-69; *Lal v. Cal.,* 610 F.3d 518, 524-25 (9th Cir. 2010).  In *Tani*, the attorney "virtually abandoned his client by failing to proceed with his client's defenses despite court orders to do so" and deliberately deceived his client about what he was and was not doing.  *Tani*, 282 F.3d at 1170-71.  Moreover, the attorney lied to his client and told him the case was proceeding properly when, in fact, a default judgment had been entered against the client.  *Id*. at 1167.  Similarly, in *Lal*, the attorney failed to prosecute his client's case, deliberately misled his client, and expressly lied to his client by saying the case was proceeding properly when, in fact, it had been dismissed.  *Lal*, 610 F.3d at 525-26.

In this case, the Court concludes that Plaintiff has failed to demonstrate that his counsel was grossly negligent.  There is no evidence that Plaintiff was lied to or mislead about the status of this case or was abandoned by his counsel.  Although Plaintiff's counsel claims that he made mistakes in opposing Defendant's Motion to Dismiss, he did ultimately file an Opposition to the Motion to Dismiss and filed a Notice of Appeal after the Motion to Dismiss was granted.  Therefore, the Court concludes that Plaintiff has failed to demonstrate "extraordinary circumstances" or articulate any other basis for relief pursuant to Rule 60(b)(6), other than those they already asserted pursuant to Rule 60(b)(1).

Accordingly, the Court concludes that Plaintiff has failed to demonstrate that he is entitled to relief under Rule 60(b)(6).

### C. Plaintiff Failed to File a Proposed Statement of Decision

The Court's Standing Order, filed May 23, 2023 (Docket No. 11), provides in relevant part: "Within two days of the deadline for filing the Reply, each party shall lodge a Proposed Statement of Decision, which shall contain a statement of the relevant facts and applicable law with citations to case law and the record." Standing Order, § 5(f). Plaintiff failed to timely file and still has not filed the required Proposed Statement of Decision.

Pursuant to Local Rule 7-12, "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ." In addition, the Standing Order expressly provides that the "[f]ailure to lodge the Proposed Statement will result in the denial or granting of the motion." Standing Order, § 5(f).

Accordingly, Defendant's Motion is also granted for Plaintiff's failure to file a Proposed Statement of Decision.

## IV. Conclusion

For all the foregoing reasons, Plaintiff's Motion is **DENIED**. Defendant's Request for Sanctions is **DENIED**.

IT IS SO ORDERED.