**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 28 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAYMOND VALDEZ, individually and as the Successor in Interest to the Estate of Beatrice Esther Valdez,<br><br>        Plaintiff - Appellant,<br><br> v.<br><br>UNITED AIRLINES HOLDINGS, INC., a Delaware corporation; HAS DEVELOPMENT CORPORATION, a Texas corporation; DOES, 1 to 10, inclusive,<br><br>        Defendants - Appellees. | No. 23-2825<br><br>D.C. No.<br>2:23-cv-03857-JFW-PVC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted November 5, 2024
Pasadena, California

Before: SCHROEDER, CALLAHAN, and WALLACH, Circuit Judges.[**]
    Concurrence by Judge WALLACH.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable Evan J. Wallach, United States Circuit Judge for the Federal Circuit, sitting by designation.

Raymond Valdez ("Valdez") appeals the district court's Order Denying Relief under Federal Rule of Civil Procedure ("Rule") 60(b)(1) and (6) from its prior dismissal of his Complaint against Defendants (collectively, "United") as time-barred. We review a district court's Rule 60(b) ruling for abuse of discretion and review any underlying questions of law de novo. *Sridej v. Blinken*, 108 F.4th 1088, 1090 (9th Cir. 2024). On appeal, we are limited to reviewing only the new grounds raised in the motion for relief itself and cannot reach the merits of the underlying judgment. *Lynch v. Blodgett*, 999 F.2d 401, 403 n.1 (9th Cir. 1993). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.[1]

Valdez filed his wrongful death Complaint against United in state court two years and one day after his mother died. This was one day after the two-year statute of limitations ran.[2] United removed the case to federal court and moved to dismiss the case as time-barred. In opposition to United's motion to dismiss, Valdez did not dispute the two-year statute of limitations period or the fact that he filed his action two years and one day after his mother died. Instead, Valdez relied

---

[1] Because the parties are familiar with the facts, we do not fully recount them.

[2] There is no dispute the length of the statute of limitations is two years. Although Valdez once argued that California law applies and now argues that Texas law applies, under both states' laws, the applicable statute of limitations is two years. *See* Cal. Civ. Proc. Code § 335.1; Tex. Civ. Prac. & Rem. Code § 16.003(b).

on an alternative method (that Valdez now admits was mistaken) for computation of time to argue that his Complaint was timely.[3] The district court disagreed with Valdez's alternative method and dismissed the underlying action as time-barred.

Valdez moved under Rule 60(b) for relief from the dismissal order. Valdez argued that the statute of limitations did not begin to run until a couple months later than previously thought because of the "discovery rule," which Valdez's counsel mistakenly failed to consider in opposing the dismissal. Valdez also argued his Complaint was timely under any two-year calculation method because he had, in fact, filed it exactly two years to the day of his mother's death, but the state court made a clerical mistake, timestamping his Complaint one day later than the state court had received it. The district court did not accept Valdez's arguments and denied relief. *Valdez v. United Airlines, Inc.*, No. 23-cv-3857, 2023 WL 7029648, at *2 (C.D. Cal. Sept. 22, 2023).

We find that the district court did not abuse its discretion in denying Valdez's motion for relief under Rule 60(b)(1). Rule 60(b)(1) delineates four reasons to relieve a party from a final order: "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Valdez requests relief under Rule

---

[3]   Specifically, Valdez miscalculated by stating: "the triggering event date was the death of Mr. Valdez's mother on October 20, 2020, . . . we add 730 days, which means that Mr. Valdez had until October 21, 2022 to file his complaint. He did so."

60(b)(1) for alleged "mistake." "Motions for relief from judgment under Rule 60(b)(1) must . . . satisfy the four-factor test the Supreme Court established in *Pioneer*." *Washington v. Ryan*, 833 F.3d 1087, 1098 (9th Cir. 2016) (en banc). "The test considers: (1) the danger of prejudice to the non-moving party; (2) the length of the filing delay and its potential impact on the proceedings; (3) the reason for the filing delay; and (4) whether the moving party acted in good faith." *Id.* (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

The district court properly concluded that Valdez's counsels' mistakes in miscalculating the statute of limitations were not "mistakes" deserving relief under Rule 60(b)(1). *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1101 (9th Cir. 2006) ("Rule 60(b)(1) is not intended to remedy the effects of a litigation decision that a party later comes to regret through subsequently-gained knowledge that corrects the erroneous legal advice of counsel."). The district court did not abuse its discretion in concluding Valdez's counsel's alleged "mistake" of miscalculating the statute of limitations was obvious and plainly available to Valdez. Valdez's argument was merely an improper attempt to use Rule 60(b)(1) to re-argue the motion to dismiss. Accordingly, the district court properly concluded that undue delay in the resolution of the action weighed against relief.

Additionally, we find no abuse of discretion in the district court's denial of the motion for relief despite Valdez's new contention that his Complaint was improperly date-stamped by the state court. The district court did not abuse its discretion in finding this new contention lacked credibility in light of his earlier statement that the Complaint was filed on October 21, 2022, or in making the essentially factual determination that the exhibit submitted by Valdez was incomplete, unauthenticated, and non-probative.[4] Valdez initiated this action by filing a complaint in state court, yet he does not appear to have made any reasonable effort to verify the filing date until after the district court's adverse ruling based on the statute of limitations. *See Washington*, 833 F.3d at 1098

---

[4] Not until his motion for relief did Valdez offer the alleged email exhibit discussing when an "order" was "submitted via e-filing." The alleged email post-dates Valdez's Complaint, and it was neither incorporated into Valdez's Complaint nor attached to Valdez's opposition to the motion to dismiss. "In reviewing the sufficiency of a complaint, we limit ourselves to the complaint itself and its attached exhibits, documents incorporated by reference, and matters properly subject to judicial notice." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014). "[W]e 'need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.'" *Produce Pay, Inc. v. Izguerra Produce, Inc.*, 39 F.4th 1158, 1161 (9th Cir. 2022) (quoting *Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1115 (9th Cir. 2014)). None of the characteristics we have described as sufficient for incorporation by reference into a complaint are present here, such as the complaint necessarily relying upon a document's contents, the document's authenticity not being in question, and there being no disputed issues as to the document's relevance. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

(explaining the length and reason for delay in seeking relief are factors to consider under Rule 60(b)(1)).

Rule 60(b)(6) relief should be granted when "extraordinary circumstances prevented a litigant from seeking earlier, more timely relief." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). Valdez failed to provide any indication that the alleged mistakes could not have been raised earlier or establish "any other reason that justifies relief" under Rule 60(b)(6).

Finally, we reject Valdez's alternative arguments that he deserves relief given "the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits," and the "interests of justice." Valdez received multiple opportunities to make his case. We affirm because his claim is time-barred under the statute of limitations.[5]

**AFFIRMED.**

---

[5] United argued Valdez's counsel should "pay United's reasonable attorneys' fees incurred in responding to this appeal." The majority declines to award fees.

FILED

MAY 28 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Valdez v. United Airlines Holdings, Inc., et al.*, No. 23-2825

WALLACH, Circuit Judge, concurring.

I concur with the majority but also would address United's request for attorney's fees (see footnote 5 of the memorandum disposition) by ordering Valdez's counsel to show cause in writing why we should not impose sanctions pursuant to 28 U.S.C. § 1927 and this Court's inherent power. *See Blixseth v. Yellowstone Mountain Club, LLC*, 796 F.3d 1004, 1007 (9th Cir. 2015) (noting that § 1927 sanctions "must be supported by a finding of subjective bad faith," which "is present when an attorney knowingly or recklessly raises a frivolous argument" (citation omitted)); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991) (noting there is no authority that "warrants a conclusion that a federal court may not, as a matter of law, resort to its inherent power to impose attorney's fees as a sanction for bad-faith conduct").

Since Valdez's Complaint was dismissed as time-barred, Valdez's counsel have pursued a vexatious proceeding for relief from that dismissal in a shifting story filled with contradictions and disingenuous excuses. Valdez's counsel's arguments are so frivolous and vexatious that they demonstrate bad faith.

For example, Valdez's counsel contradicted themselves repeatedly on a critical issue in this litigation: the date Valdez's Complaint was filed. Valdez's counsel initially asserted that they filed Valdez's Complaint in the state court on

October 21, 2022. That was one day beyond the statute of limitations. Later Valdez's counsel proffered a fugitive document (allegedly an email) with a declaration from Valdez's counsel testifying "[t]he file stamp on the complaint is incorrect," and "[t]he [state court] clerk marked it filed on October 21, 2022, rather than the date it was received on." Based exclusively on that unauthenticated, fugitive document and counsel's declaration, Valdez's counsel's briefing on appeal was premised explicitly on the state court's clerical mistake in timestamping one day late (asserting, in no uncertain terms, for example, the fugitive document "confirms the attorney service did submit the complaint for filing to the [state court] on October 20, 2022"; "the [state court] erred when it stamped his complaint as filed"; and there was a "misfiling by the [state court].").  However, at oral argument, Valdez's counsel reverted and admitted that the Complaint was filed with the state court on October 21, but attributed the one-day lateness to a third-party attorney service, by stating "we submitted it to them for filing on October 20, and as a licensed purveyor of these services for filing they agreed to file it the same day, and that was our understanding of what had happened and we didn't realize that mistake until the motion for dismissal came about," and "we are not placing blame here other than on the service company." This is contradictory on its face, and probative of subjective bad faith.

Valdez's counsel offered disingenuous excuses, including for the first time on appeal, counsel's "erroneous leap year calculation" as another mistake counsel made to miscalculate the statute of limitations. Valdez's counsel's alleged excuse of filing late because of a leap year is nonsensical because if Valdez's counsel had believed there was an intervening *extra* February 29, the counsel would have filed *earlier* in October, not later. In the event of a leap year, an *extra* day is added, and a statute of limitations that is a multiple of 365 days starting on a given day of a month would end earlier in the month. I believe, like the district court, these excuses are "disingenuous and are nothing more than a failed attempt to manufacture an excuse" to make additional arguments that were already available.

I recognize the district court denied United's request for fees, but I do not think that should control our decision. The district court did not consider, nor could it have considered, that Valdez's counsel has engaged in new conduct on appeal that evinces bad faith. United has limited the sanctions it seeks to sanctions for this appeal, or in the alternative, just an amount that would send a "strong message," which could even be awarded to the Court itself.

I would use the Court's "inherent power to police itself" to prevent conduct that "abuses the judicial process," *Chambers v. NASCO*, 501 U.S. at 44–46, by ordering the four attorneys associated with the law firm of DRE LAW, A.P.C., who have represented Valdez throughout the course of this litigation—Antonio

Castillo (Cal. Bar No. 276891), Darren M. Richie (Cal. Bar No. 316116), Tory Pankopf (Cal. Bar No 202581), and Kaeleen Kosmo (New York Bar No. 5756390)—to show cause in writing why this Court should not impose sanctions.

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

## Information Regarding Judgment and Post-Judgment Proceedings

**Judgment**
- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**
- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise. To file a motion to stay the mandate, file it electronically via the appellate electronic filing system or, if you are a pro se litigant or an attorney with an exemption from the electronic filing requirement, file one original motion on paper.

**Petition for Panel Rehearing and Petition for Rehearing En Banc (Fed. R. App. P. 40; 9th Cir. R. 40-1 to 40-4)**

**(1) Purpose**

**A. Panel Rehearing:**
- A party should seek panel rehearing only if one or more of the following grounds exist:
  - A material point of fact or law was overlooked in the decision;
  - A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
  - An apparent conflict with another decision of the Court was not addressed in the opinion.
- Do not file a petition for panel rehearing merely to reargue the case.

**B. Rehearing En Banc**
- A party should seek en banc rehearing only if one or more of the following grounds exist:
  - Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
  - The proceeding involves a question of exceptional importance; or

> ➢ The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2) Deadlines for Filing:**
- A petition for rehearing or rehearing en banc must be filed within 14 days after entry of judgment. Fed. R. App. P. 40(d).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(d).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- See Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-4.

**(3) Statement of Counsel**
- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

**(4) Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**
- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

2

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms*.
- Attorneys must file the petition electronically via the appellate electronic filing system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

**Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)**
- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms*.

**Attorneys Fees**
- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-8000.

**Petition for a Writ of Certiorari**
- The petition must be filed with the Supreme Court, not this Court. Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov.

**Counsel Listing in Published Opinions**
- Please check counsel listing on the attached decision.
- If there are any errors in a published opinion, please send a letter **in writing within 10 days** to:
  - ➢ Thomson Reuters; 610 Opperman Drive; PO Box 64526; Eagan, MN 55123 (Attn: Maria Evangelista, maria.b.evangelista@tr.com);
  - ➢ **and** electronically file a copy of the letter via the appellate electronic filing system by using the Correspondence filing category, or if you are an attorney exempted from electronic filing, mail the Court one copy of the letter.

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 10. Bill of Costs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form10instructions.pdf

**9th Cir. Case Number(s)** [          ]

**Case Name** [          ]

The Clerk is requested to award costs to *(party name(s))*:

[          ]

I swear under penalty of perjury that the copies for which costs are requested were actually and necessarily produced, and that the requested costs were actually expended.

**Signature** [          ]  **Date** [          ]

(use "s/[typed name]" to sign electronically-filed documents)

| **COST TAXABLE** | **REQUESTED** (each column must be completed) | | | |
|---|---|---|---|---|
| DOCUMENTS / FEE PAID | No. of Copies | Pages per Copy | Cost per Page | TOTAL COST |
| Excerpts of Record* | | | $ | $ |
| Principal Brief(s) *(Opening Brief; Answering Brief; 1st, 2nd, and/or 3rd Brief on Cross-Appeal; Intervenor Brief)* | | | $ | $ |
| Reply Brief / Cross-Appeal Reply Brief | | | $ | $ |
| Supplemental Brief(s) | | | $ | $ |
| Petition for Review Docket Fee / Petition for Writ of Mandamus Docket Fee / Appeal from Bankruptcy Appellate Panel Docket Fee | | | | $ |
| | | | **TOTAL:** | $ |

***Example:*** Calculate 4 copies of 3 volumes of excerpts of record that total 500 pages [Vol. 1 (10 pgs.) + Vol. 2 (250 pgs.) + Vol. 3 (240 pgs.)] as:
No. of Copies: 4; Pages per Copy: 500; Cost per Page: $.10 (or actual cost IF less than $.10);
TOTAL: 4 x 500 x $.10 = $200.

Feedback or questions about this form? Email us at *forms@ca9.uscourts.gov*